Not For Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Deborah K. Willis, | : |
| Plaintiff, | : |
| | : Civil Action No. 10-4907 (SRC)(MAS) |
| v. | : OPINION AND ORDER |
| Eagle Rock Convalescent Center, | : |
| Defendant. | : |

**SHIPP, United States Magistrate Judge**

## I. INTRODUCTION

This matter comes before the Court by way of Plaintiff Debora K. Willis's ("Plaintiff") informal Application for *Pro Bono* Counsel. (Doc. No. 7 ("*Pro Bono* App.").) For the reasons stated below, Plaintiff's application is DENIED without prejudice.

## II. BACKGROUND

Plaintiff alleges that the Defendant Eagle Rock Convalescent Center ("Defendant") harassed and discriminated against her based on her race and color, which ultimately led to her wrongful termination. On June 22, 2010, Plaintiff was sent a "Dismissal and Notice of Rights" from the U.S. Equal Employment Opportunity Commission ("EEOC"), which entered the following determination:

> Based upon its investigation, the EEOC is unable to conclude that the information obtained established violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

The cover letter sent to the Plaintiff along with the notice advised Plaintiff that the EEOC had reviewed her charges based on the information and evidence that she submitted, Defendant's position statement, as well as Plaintiff's rebuttal. The EEOC advised Plaintiff that a suit could be filed against the Defendant within 90 days of receipt of the notice or Plaintiff would otherwise lose her right to sue. Accordingly, Plaintiff filed the current lawsuit and now seeks *pro bono* counsel.

### III. LEGAL DISCUSSION

Under 28 U.S.C. § 1915(e)(1), this Court "may request an attorney to represent any person unable to afford counsel." Indigent parties asserting civil rights claims, however, have no absolute constitutional right to counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider, as a preliminary matter, whether the Plaintiff's claim has some merit in fact and law. *Id.* at 457-58. If the court determines that the Plaintiff's claim has some merit, then the court should consider the following factors:

(1) the Plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the Plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses; and

(6) whether the Plaintiff can attain and afford counsel on his own behalf.

*Id.* (citing *Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993)). The list of factors identified in *Tabron* is not exhaustive, but rather serves as a "guidepost" for district courts. *Id.* at 458. Moreover, courts must "exercise care in appointing counsel because volunteer lawyer time

2

is a precious commodity and should not be wasted on frivolous cases." *Id.* (citing *Tabron, supra,* 6 F.3d at 157).

An analysis of the *Tabron* factors in this case reveals that appointment of *pro bono* counsel is not appropriate at this stage of the proceedings. Preliminarily, it is questionable whether Plaintiff's claims have any merit in fact or law, as the Complaint only includes a one paragraph summary of the allegations. Regardless, the Court finds that appointment of *pro bono* counsel is unnecessary, as Plaintiff appears able to articulate her legal claims and position, as indicated by her filings with the EEOC. Moreover, the legal issues underlying Plaintiff's Complaint, although not very detailed, appear to be straightforward and well-understood by Plaintiff. Unlike Plaintiff, who is concerned that she will not understand the complexities of her case, the Court is confident that Plaintiff is capable of proceeding *pro se* and understands the nature of her claims and the underlying facts and circumstances, as set forth in her EEOC filings and evidenced in her commencement of this lawsuit.

Regarding the third *Tabron* factor, while a factual investigation will be necessary for discovery purposes, Plaintiff's ability to obtain the necessary fact discovery is not hindered in any way known by this Court. As an initial matter, the Court notes that any factual investigation pertaining to Plaintiff's claims and/or damages appears to be straightforward and will require standard discovery requests. Plaintiff will be afforded an opportunity to identify, serve document demands and interrogatories and depose those witnesses relevant to Plaintiff's claims and allegations, including any of Defendant's employees or agents that Plaintiff specifically alleges engaged in wrongful harassment and discrimination against her. Indeed, Plaintiff has sufficient knowledge about her case that will guide her in composing any such relevant

questions, interrogatories and discovery requests. Thus, the Court is satisfied that Plaintiff will be able to properly pursue a factual investigation without *pro bono* representation.

As for credibility determinations and whether this case will turn on same, this Court finds that credibility concerns do not provide a basis for appointing *pro bono* counsel at this time. Likewise, regarding expert discovery, this Court finds that Plaintiff has failed to demonstrate a necessity for expert testimony that would rise to the level necessary to appoint *pro bono* counsel. Accordingly, this Court finds that Plaintiff has failed to satisfy the fourth and fifth *Tabron* factors.

Finally, this Court must assess whether Plaintiff can obtain and afford counsel on her own behalf. Plaintiff is currently unemployed and, as such, asserts that she lacks the funds to retain counsel. According to her *Pro Bono* Application, Plaintiff indicates that she attempted to acquire counsel, but representation was denied because her "case wasn't a precedent setting one." Plaintiff further explains that she was unable to retain counsel from the EEOC due to its limited funds and high volume of cases. While this Court finds that this final *Tabron* factor weighs in favor of appointment of *pro bono* counsel, it does not outweigh the other factors discussed in this Opinion and Order.

## ORDER

Based on the foregoing, and for good cause shown, it is on this **8th** day of **December, 2010, ORDERED** that Plaintiff Deborah K. Willis's Application for *Pro Bono* Counsel is DENIED without prejudice.

                                        s/ Michael A. Shipp
                                        **Michael A. Shipp**
                                        **UNITED STATES MAGISTRATE JUDGE**