Not For Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Deborah K. Willis,** | |
|         **Plaintiff,** | Civil Action No. 10-4907 (SRC)(MAS) |
| v. | **OPINION AND ORDER** |
| **Eagle Rock Convalescent Center,** | |
|         **Defendant.** | |

**SHIPP, United States Magistrate Judge**

### I. INTRODUCTION

This matter comes before the Court by way of Plaintiff Deborah K. Willis's ("Plaintiff") informal Application for *Pro Bono* Counsel. (Doc. No. 17 ("*Pro Bono* App.").) For the reasons stated below, Plaintiff's application is DENIED without prejudice.

### II. BACKGROUND

Plaintiff alleges that the Defendant Eagle Rock Convalescent Center ("Defendant") harassed and discriminated against her based on her race and color, which ultimately led to her wrongful termination on or about April 10, 2009. On June 22, 2010, Plaintiff was sent a "Dismissal and Notice of Rights" ("Notice") from the U.S. Equal Employment Opportunity Commission ("EEOC"), which informed Plaintiff that her case was being dismissed. In the Notice and cover letter, Plaintiff was also advised of her right to file a suit against the Defendant within 90 days of receipt of the Notice or Plaintiff would otherwise lose her right to sue. Accordingly, Plaintiff filed the current lawsuit.

Notably, Plaintiff previously applied for *pro bono* counsel, which was denied on December 8, 2010. Plaintiff now renews her application for *pro bono* counsel, contending that she needs counsel due to her indigent status and inexperience in dealing with the complex legal issues involved in her case. Plaintiff further notes that she was unable to counter Defendant's offer to settle and, as a result, Defendant now is unwilling to negotiate and discuss settlement with Plaintiff. Plaintiff, therefore, believes that she is at a disadvantage and asserts that she requires legal representation in order to properly litigate her claims.

### III. LEGAL DISCUSSION

Under 28 U.S.C. § 1915(e)(1), this Court "may request an attorney to represent any person unable to afford counsel." Indigent parties asserting civil rights claims, however, have no absolute constitutional right to counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider, as a preliminary matter, whether the Plaintiff's claim has some merit in fact and law. *Id.* at 457-58. If the court determines that the Plaintiff's claim has some merit, then the court should consider the following factors:

(1)   the Plaintiff's ability to present his or her own case;

(2)   the complexity of the legal issues;

(3)   the degree to which factual investigation will be necessary and the ability of the Plaintiff to pursue such investigation;

(4)   the amount a case is likely to turn on credibility determinations;

(5)   whether the case will require the testimony of expert witnesses; and

(6)   whether the Plaintiff can attain and afford counsel on his own behalf.

*Id.* (citing *Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993)). The list of factors identified in *Tabron* is not exhaustive, but rather serves as a "guidepost" for district courts. *Id.* at 458. Moreover, courts must "exercise care in appointing counsel because volunteer lawyer time

is a precious commodity and should not be wasted on frivolous cases." *Id.* (citing *Tabron, supra,* 6 F.3d at 157).

An analysis of the *Tabron* factors in this case reveals that appointment of *pro bono* counsel remains inappropriate at this stage of the proceedings. Preliminarily, it is questionable whether Plaintiff's claims have any merit in fact or law, as the Complaint only includes a one paragraph summary of the allegations and the EEOC dismissed Plaintiff's case. Regardless, the Court finds that appointment of *pro bono* counsel is unnecessary, as Plaintiff consistently has displayed the ability to properly articulate her legal claims and position, as indicated by her EEOC filings, her Interrogatories and her responses to Defendant's Interrogatories. Moreover, the legal issues underlying Plaintiff's Complaint, although not very detailed, appear to be straightforward and well-understood by Plaintiff. As noted in this Court's previous Order denying Plaintiff's request for *pro bono* counsel, the Court is confident that Plaintiff is capable of proceeding *pro se*, as she understands the general nature of her claims and the underlying facts and circumstances.

Regarding the third *Tabron* factor, the Court again finds that although factual investigation will be necessary, Plaintiff has failed to demonstrate an inability to obtain the necessary fact discovery. A review of the record and papers filed, thus far, leads the Court to believe that Plaintiff's claims and/or damages appears to be straightforward, will require standard discovery requests and that Plaintiff has the ability to pursue any necessary factual investigation. Indeed, as previously held by this Court, "Plaintiff will be afforded an opportunity to identify, serve document demands and interrogatories and depose those witnesses relevant to Plaintiff's claims and allegations, including any of Defendant's employees or agents that Plaintiff specifically alleges engaged in wrongful harassment and discrimination against her." In fact, a scheduling order has already been entered in this matter and discovery has commenced.

Based on the Interrogatories Plaintiff served and her responses to Defendant's Interrogatories, it appears that Plaintiff is able to proceed with factual investigation adequately without representation. As such, the Court is convinced that Plaintiff does not require *pro bono* representation for purposes of factual investigation.

Next, the Court finds that Plaintiff has failed to demonstrate that *pro bono* counsel is necessary for credibility determinations. Likewise, while Plaintiff asserts that expert discovery may be necessary, she fails to indicate why expert discovery is needed and how it will be used to prove any of her asserted claims. Accordingly, Plaintiff has failed to properly demonstrate the fourth and fifth *Tabron* factors in a manner that would warrant appointment of *pro bono* counsel.

Finally, the Court acknowledges that Plaintiff is currently unemployed and has no source of income, including unemployment. Although the Court finds that the final *Tabron* factor weighs in favor of appointment of *pro bono* counsel, the Court nonetheless finds that this factor alone does not outweigh the other *Tabron* factors. Indeed, when considering Plaintiff's litigation of this matter, thus far, and how clearly she is able to articulate her position, the Court is simply unable to appoint *pro bono* counsel. As for Plaintiff's concern about settlement discussions, the Court has scheduled an in person settlement conference on July 27, 2011, during which the Court will provide some guidance.

Unfortunately, the pool for appointing *pro bono* counsel is limited and, as such, the Court must be careful and selective when appointing same. Since the Court finds that Plaintiff is able to clearly articulate her claims and bring forth this litigation, the Court must again deny Plaintiff's *pro bono* application without prejudice. However, the Court encourages Plaintiff to seek representation through other avenues, such as non-profit organizations that provide free legal services to indigent persons who qualify.

**ORDER**

Based on the foregoing, and for good cause shown, it is on this 7th day of **June, 2011,**

**ORDERED** that Plaintiff Deborah K. Willis's Application for *Pro Bono* Counsel (Doc. No. 17) is DENIED without prejudice.

_____
Michael A. Shipp
UNITED STATES MAGISTRATE JUDGE